UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHRYN JONES,

        Plaintiff,

v.

        Case No. 12-CV-11192
        HON. GEORGE CARAM STEEH

SALLY HARRISON, individually
and in her official capacity as
Housing Choice Voucher Supervisor
of the Michigan State Housing
Development Authority and
MICHIGAN STATE HOUSING
DEVELOPMENT AUTHORITY,

        Defendants.

_____/

ORDER GRANTING IN PART PLAINTIFF'S EMERGENCY MOTION FOR
A TEMPORARY RESTRAINING ORDER [#2]

On March 16, 2012, plaintiff filed a complaint and an emergency motion for a temporary restraining order. Plaintiff argues she was denied her due process rights when her Section 8 voucher benefits were terminated without a hearing. In a notice dated October 18, 2011, the Michigan State Housing Development Authority (MSHDA) informed plaintiff that her voucher benefits would be terminated effective November 30, 2011 for the alleged violations listed on the notice. The notice also provides "you can request an informal review/hearing if you wish to appeal this decision. MSHDA must receive your written request...no later than 10 calendar days from the notice date (at the top of this form)." At the hearing, counsel for plaintiff represented that plaintiff received this notice on

October 24, 2011. Plaintiff attests she contacted the Legal Aid office on October 25, 2011 and sent a letter requesting a hearing on October 27, 2011. She claims she sent a follow up letter to MSHDA on November 22, 2011 referencing her earlier letter and again requesting a hearing. Despite subsequent correspondence between plaintiff and defendants, no hearing has taken place. Indeed, Legal Aid sent a letter to MSHDA on plaintiff's behalf on December 8, 2011 requesting a hearing and the request was denied. T this court's hearing on plaintiff's request for TRO, it was undisputed MSHDA's response is dated December 13, 2011 but is postmarked December 21, 2011 and was received by Legal Aid on December 22, 2011. This provides some reason to believe plaintiff's claim that she received the notice of termination only four days before her request for hearing was due at defendant's offices.

Plaintiff also alleges that she has remedied issues raised in the notice of termination. MSHDA alleged that an unauthorized person was using plaintiff's address as a mailing address. Plaintiff claims she has provided proof to MSHDA that the person is no longer using plaintiff's address for mail and has identification showing his proper address. She claims he never lived with her and her children. MSHDA also alleged plaintiff had her utilities on illegally. Plaintiff claims she has provided evidence that her utilities are on legally in the name of her adult son who is a member of the household. Plaintiff also claims to be able to prove she never fraudulently withheld information to induce DHS to make additional utility assistance payments.

Defendants terminated plaintiff's voucher and stopped making rent payments to plaintiff's landlord as of November 30, 2011. Plaintiff's landlord received judgment for possession but agreed to wait 30 days to carry out the eviction to allow plaintiff to seek

redress for the voucher termination. The judgment provides a pay or move date of February 6, 2012. Plaintiff states she and her eight children will become homeless if a temporary restraining order is not issued. Plaintiff seeks immediate reinstatement of her voucher and a stay of the eviction proceedings.

In determining whether to issue a temporary restraining order, courts balance four factors: (1) whether the party seeking the injunction has shown a substantial likelihood of success on the merits; (2) whether the party seeking the injunction will suffer irreparable harm absent the injunction; (3) whether an injunction will cause others to suffer substantial harm; and (4) whether the public interest would be served by the preliminary injunction. See Memphis Planned Parenthood, Inc. v. Sundquist, 175 F.3d 456, 460 (6th Cir.1999). Plaintiff argues that there is a strong likelihood she will succeed on the merits, and that without the injunction she and her children will be evicted and homeless. In Davis v. Mansfield Metropolitan Housing Authority, 751 F.2d 180, 184 (6th Cir. 1984), the Sixth Circuit recognized that participation in a public housing program, such as Section 8, is a property interest entitled to due process protections. Here, plaintiff was not provided with a hearing, an opportunity to examine materials, and to present evidence and confront witnesses.

Defendants argue plaintiff breached the housing assistance contract and thus termination notice was sent on October 18, 2011. They claim that she had 10 days to request a hearing and that she failed to do so within that time period. They claim they did not receive the October 27, 2011 letter and thus did not receive correspondence from plaintiff until the November 22, 2011 letter was received on November 29, 2011. Defendants argue plaintiff does not have a likelihood of success on the merits because she

failed to timely request a hearing and because defendants believe they are entitled to Eleventh Amendment immunity. They also argue the requested grant of injunctive relief would harm third parties and would not be in the public interest because consistency is necessary in enforcing the voucher requirements. They also argue the hearing process takes four to six months in addition to further investigation, and would require several months of rent payments. Because they claim plaintiff failed to timely request a hearing, defendants argue injunctive relief is not proper.

Given the substantial delay before plaintiff received the October 18, 2011 notice and the evidence plaintiff claims to have presented in rebuttal to the alleged violations described in the notice, it appears to this court that plaintiff has a substantial likelihood of showing a due process violation. Clearly, plaintiff and her children will be irreparably harmed without relief as they will be evicted from their home. Defendants have not shown the injunction would cause harm to others of a comparable magnitude. Weighing these factors, the court grants plaintiff's request for a temporary restraining order as follows:

1) Plaintiff's voucher shall be reinstated only for the month of April for purposes of making April's rent payment to plaintiff's landlord;

2) Defendants shall afford plaintiff an informal hearing on the issues raised in the violation notice by the end of April 2012; and

3) The parties shall appear for a hearing on plaintiff's request for a preliminary injunction on April 30, 2012, at 9:30 a.m.

IT IS SO ORDERED.

Dated: April 5, 2012

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 5, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---